UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RUPERTO URIOSTEGUI,

                 Petitioner,               Case No. 1:08-cv-483

v.                                         Honorable Janet T. Neff

CAROL HOWES,

                 Respondent.

_____/

## REPORT AND RECOMMENDATION

       This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Ruperto Uriostegui presently is incarcerated with the Michigan Department of Corrections and housed at the Lakeland Correctional Facility.  After entering a plea of guilty in the Oceana County Circuit Court to second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, Petitioner was sentenced on August 11, 1997 to 35 to 90 years' imprisonment.  Petitioner appealed his sentence to both the Michigan Court of Appeals and the Michigan Supreme Court.  The supreme court remanded the case for resentencing on November 2, 1999.  Petitioner sought to withdraw his guilty plea in the circuit court, which denied the motion on January 30, 2000.  On February 22, 2000, Petitioner was resentenced to a term of imprisonment of 25 to 90 years.

Petitioner filed a delayed application for leave to appeal both the January 30, 2000 order denying his motion to withdraw the plea and the February 22, 2000 judgment imposing sentence.  On May 30, 2001, the court of appeals dismissed the appeal of the order denying the motion to withdraw the plea.  On July 18, 2001, the court of appeals denied the delayed application for leave to appeal the judgment of sentence.  Petitioner sought leave to appeal to the Michigan Supreme Court.  The supreme court remanded again to the circuit court for further consideration and findings.  On May 28, 2002, the supreme court received the trial court's findings on remand, and, on July 22, 2002, the supreme court denied the application for leave to appeal.

Petitioner's initial application for habeas relief indicates that he thereafter engaged in "varying post-appellate proceedings."  (Compl. at 2.)  He alleges that in January 2008 he filed a second motion for relief from judgment that was denied on February 13, 2008 as successive under MICH. CT. R. 6.502(G), which prohibits defendants from filing more than one motion for relief from

judgment.  However, the docket records of the Michigan Court of Appeals reflect that Petitioner

filed at least two motions for relief from judgment prior to 2008.  A prior motion for relief from

judgment that was denied by the circuit court as successive on September 22, 2005.  On November

9, 2005, Petitioner filed a delayed application for leave to appeal the denial, which was

administratively dismissed by the court of appeals for filing defects on January 18, 2006.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in

28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows
dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his resentencing to both the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on July 22, 2002. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, October 21, 2002.

Petitioner had one year from October 21, 2002, in which to file his habeas application. Petitioner filed his original habeas application on May 21, 2008.[2] Obviously, he filed

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on May 21, 2008, and it was received by the Court on May 27, 2008. Thus, it must have been handed to prison officials for mailing at some time between May 21 and 27, 2008. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

more than one year after the time for direct review expired.  Thus, absent tolling, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending.  *See* 28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 127 S. Ct. 1079 (2007).  The statute is not tolled during the time that a Petitioner petitions for writ of certoriari in the United Stated Supreme Court.

The Court is without information concerning the dates during which Petitioner's initial motion for relief from judgment was pending in the Michigan courts.  Nevertheless, it is clear that, by September 22, 2005, the date on which the Oceana County Circuit Court denied his second motion as successive under MICH. CT. R. 6.502(G), Petitioner's first motion no longer was pending. As a result, the running of the statute of limitations necessarily began to run again at least as of that date.  Assuming that Petitioner had his entire one-year period of limitations remaining at that time, the limitations period would have expired not later than September 22, 2006.

Petitioner's successive motion for post-conviction relief denied on September 22, 2005 and his appeals therefrom could not continue to toll the habeas statute of limitations because they were not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).  An application is ""*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). As discussed above, Petitioner was prohibited from filing a second motion for relief from judgment pursuant to M.C.R. 6.502(G)(1), which provides that after August 1, 1995, only one motion for relief from

judgment may be filed with regard to a conviction.  Because Petitioner's second motion was filed in violation of state law, it may not serve to toll the limitations period.  *Cf. Young v. Mohr*, No. 99-3015, 1999 WL 1253097, at *1 (6th Cir. Dec. 17, 1999) (untimely post-conviction petition or appeal is not considered "properly filed" in terms of §2244(d)(2)); *Nooks v. Collins*, No. 98-3243, 1999 WL 98355, at *1 (6th Cir. Jan. 29, 1999) (for purposes of §2244(d)(2), time should be tolled for any action permitted by state law).  Moreover, appeals from denials of successive motions for relief from judgment are not appealable.  *See* MICH. CT. R. 6.502(G)(1) ("A defendant may not appeal the denial or rejection of a successive motion.")

　　　　Similarly, Petitioner's third motion for relief from judgment filed in January 2008 could not toll the statute of limitations because it, too, was not properly filed under MICH. CT. R. 6.502(G).  Moreover, even were it properly filed it could not serve to toll the statute.  While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).  Because Petitioner's one-year period expired at the latest in 2006, his collateral motion filed in 2008 could not serve to revive the limitations period.

　　　　The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308

F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied  "sparingly" by this Court.  *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009.  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

- 7 -

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  November 20, 2008                          /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).